Filed 9/13/23  P. v. Ray CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EDWARD VINCENT RAY, JR.,<br><br>        Defendant and Appellant. | A166077<br><br>(Alameda County<br>Super. Ct. No. 153993A) |

Edward Vincent Ray, Jr. (appellant) appeals from the trial court's denial of his motions for postconviction discovery (Pen. Code, § 1054.9[1]) and record correction.  We reverse in part.

BACKGROUND

"Between July 12, 2005, and August 27, 2006, the Ray family (immediate and extended) engaged in a prolific and profitable enterprise robbing a variety of establishments, primarily convenience stores, in Oakland, Alameda, and Hayward."  (*People v. Ray, Jr.* (Nov. 23, 2009, A117630) [nonpub. opn.].)  Appellant and his son were tried together, and

_____

[1] All undesignated section references are to the Penal Code.

1

"[appellant's] daughter, Melissa Ray (Melissa) and her boyfriend Larry Jamale Carrington (Carrington) were also alleged to have participated in certain of these offenses." (*Ibid.*) Appellant was convicted of 21 counts of second degree robbery with firearm and great bodily injury enhancements, and was sentenced to 38 years 4 months in state prison. (*Ibid.*) This court affirmed the judgment. (*Ibid.*)

In February 2022, appellant filed a motion in propria persona for postconviction discovery, seeking nine items. Following the People's opposition and appellant's response, the court denied the motion.

In July 2022, appellant filed a motion in propria persona to correct the record. The court denied the motion.

## DISCUSSION

I.      *Postconviction Discovery*

Appellant challenges the trial court's denial of his discovery motion as to five of the nine requested items.[2]

A.      *Legal Background*

Section 1054.9, subdivision (a), provides, "In a case in which a defendant is or has ever been convicted of a serious felony or a violent felony resulting in a sentence of 15 years or more, upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment, or in preparation to file that writ or motion, and on a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful,[3] the court shall, except as provided in subdivision (b) or (d)

---

[2] Appellant concedes there was no error as to the requested items numbered 2, 7, 8, and 9.

[3] The trial court's order denying appellant's discovery motion detailed appellant's efforts to obtain discovery materials from trial counsel.

[not relevant here], order that the defendant be provided reasonable access to any of the materials described in subdivision (c)." Subdivision (c) provides, "For purposes of this section, 'discovery materials' means materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial."

"[S]ection 1054.9's discovery includes, and is limited to, specific materials the prosecution or law enforcement authorities involved in the case currently possess that the defendant can show fall into any of these categories: (1) materials the prosecutor provided at time of trial but have since become lost to the defendant, (2) materials the prosecution should have provided at time of trial, or (3) materials the defendant would have been entitled to at time of trial had the defendant specifically requested them." (*In re Steele* (2004) 32 Cal.4th 682, 688.) "Because section 1054.9 provides only for specific discovery and not the proverbial 'fishing expedition' for anything that might exist, defendants seeking discovery beyond recovering what the prosecution had provided to the defense before trial must show a reasonable basis to believe that specific requested materials actually exist." (*Barnett v. Superior Court* (2010) 50 Cal.4th 890, 894 (*Barnett*).) We review the trial court's ruling for abuse of discretion. (*Kennedy v. Superior Court* (2006) 145 Cal.App.4th 359, 366.)

B.   *Analysis*

1.   *Video Surveillance (Item 1)*

Appellant requested "Video surveillance of the alleged robbery in Count no. 1, on 8-27-06, purportedly showing 'Defendant' committing the 'crime,' this surveillance evidence was NEVER presented to the Defense or shown at the trial, this robbery allegedly connects 'Defendant' to 'the string of robberies' charged in this case." The trial court denied the request on the

3

ground that appellant failed to establish a reasonable basis that such a video exists.

We agree. Appellant cites no basis at all. He does not claim to have ever seen or heard of such a video. The opinion on direct appeal makes clear that surveillance video of numerous other charged robberies was shown at trial, suggesting that if such video existed, it would have been played for the jury.[4] This request was properly denied.

2.    *Statements of Accomplices (Items 3 & 4)*

Two of the requests are for statements of accomplices. First, appellant requested "Codefendants taped 'out of court admission,' to police of Melissa Ray, (transcribed)." (Underlining omitted.) In his written request to trial counsel for this evidence, attached as an exhibit to his discovery motion, appellant described this evidence as "Melissa Ray's statement to OPD on/about 8/29/06." Second, appellant stated, "Codefendant Larry Carrington gave a 2nd statement to D.D.A. Sabrina Farrell at the North County Jail on March 5, 2007, w/o counsel present to represent Defendant, then Carrington testified on March 8, 2007, the Defense never got the audio tape from the D.D.A., to use as impeachment evidence, (this needs to be transcribed)." (Underlining omitted.) The trial court denied the requests on the ground that appellant failed to establish a reasonable basis that these items exist. On appeal, the People cite no other basis for denying the requests.

---

[4] As set forth in the opinion on direct appeal, ample other evidence connected appellant with this crime: He was arrested after a vehicle chase by an officer who saw him running out of the store; the cash register drawer stolen from the store was found in the back seat of the car in which appellant fled from the police; and appellant subsequently admitted committing the robbery to the police. (*People v. Ray, Jr., supra,* A117630.)

4

Melissa and Carrington were both charged with appellant and his son. Carrington pled guilty and testified against appellant and appellant's son at trial. (*People v. Ray, Jr., supra,* A117630.) The opinion on direct appeal notes the record "does not reflect the disposition of the charges against Melissa. She was apparently out of custody and living in Pennsylvania at the time of trial." (*Ibid.*) Their status as accomplices who definitely (Carrington) or quite possibly (Melissa) entered into plea agreements makes it reasonably likely they made statements to law enforcement. In addition, although appellant does not cite the source of his information, he identifies the dates of the interviews; the interviewing agency and/or individual; and, with respect to Carrington, the location of the interview. The granular specificity of the requests alone indicates a reasonable basis for believing the interviews occurred. It is further reasonable to believe that any such interviews were recorded. Although ideally appellant would have identified the source of his information about the purported interviews, we find he has satisfied his burden to establish a reasonable basis to believe that the requested items exist.

### 3. *Reports of Similar Robberies (Item 5)*

Appellant's request stated, "The People, (even after a pre-trial motion for discovery was granted) failed to provide the Defense with 'Any or All police REPORTS of robberies' that matched the so-called 'M.O.,' from July 12, 2005, to date, (especially the 'Ed-Green Market Robbery') that occurred during the trial, this robbery was also matching the same M.O. as the rest of the charged crimes." The trial court denied the request on the grounds that appellant failed to provide the basis for his belief that such reports exist; the request was vague and overbroad; and appellant failed to demonstrate he would have been entitled to the reports at the time of trial.

5

On appeal, appellant concedes these reports "would not . . . ordinarily be discoverable at trial," but argues "if the People were in possession of police reports which suggested the robberies for which appellant was cha[r]ged and convicted were likely committed by another individual," such reports would be discoverable under *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*). Appellant's speculation that such reports may exist is insufficient. (*Barnett, supra,* 50 Cal.4th at p. 900 ["[I]n a case involving the prosecution's duty to provide exculpatory materials, the high court stated that '[m]ere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review.' [Citation.] We believe the Legislature intended the courts to interpret section 1054.9 in a similar manner."].) The trial court properly denied this request.

### 4. *Carrington's Arrest Records (Item 6)*

The final contested request is for "Codefendant Larry Carrington a.k.a. Larry Curry's prior/current arrest history." (Underlining omitted.) The trial court denied the request on the ground that, while appellant was entitled to Carrington's felony convictions at the time of trial, appellant failed to demonstrate he was entitled to Carrington's *arrest* records.

Appellant contends he would have been entitled to any exculpatory arrest records under *Brady*. Again, appellant's speculation that exculpatory arrest records exist is insufficient. (*Barnett, supra,* 50 Cal.4th at p. 900.) The trial court properly denied this request.

## II. *Record Correction*

Appellant's motion sought correction of the record and a hearing to create postjudgment records for an upcoming elder parole hearing. The trial court denied the motion.

On appeal, appellant limits his challenge to the correction of errors in the abstract of judgment. The People agree several errors should be corrected. Appellant does not contend there are any additional errors beyond those identified by the People. We agree with the parties and will direct the trial court to correct the identified errors.[5] (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts."].)

DISPOSITION

The order denying appellant's motion for discovery is reversed and remanded with directions to the trial court to grant the motion as to any recordings and/or transcripts of: (a) an Oakland Police Department interview with Melissa Ray on or about August 29, 2006; and (b) an interview by deputy district attorney Sabrina Farrell with Larry Carrington at the North County Jail on March 5, 2007. The order is otherwise affirmed.

The order denying appellant's motion to correct records and/or transmit necessary supplemental records is reversed and remanded with directions to the trial court to prepare and forward to the California Department of Corrections and Rehabilitation an amended abstract of judgment indicating the following corrections: (a) for counts 1, 2, 3, 5, and 22, the year of conviction is 2007; (b) for counts 2 and 3, the year the crime was committed is 2005; (c) for count 3, the term is three years running concurrently; (d) for count 5, the term is one year running consecutively; (e) for the count 3 section 12022, subdivision (a)(1) enhancement, the term is one year running

---

[5] We grant the People's April 6, 2023 unopposed request for judicial notice of certain records from appellant's underlying case.

7

concurrently; (f) for count 26, the term is running consecutively; (g) for count 27, the term is running concurrently; and (h) for count 26, the enhancement is section 12022, subdivision (a)(1).  The order is otherwise affirmed.

_____
Simons, J.

WE CONCUR:


_____
Jackson, P. J.


_____
Chou, J.


A166077